

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

EDDIE LEWIS RILEY,                              §
                    Plaintiff,                  §
                                                §
                                                §
vs.                                             §  Civil Action No. 4:17-02028-MGL
                                                §
NANCY A. BERRYHILL,                             §
Acting Commissioner of Social Security          §
Administration,                                 §
                    Defendant.                  §
                                                §

---

### ORDER ADOPTING THE REPORT AND RECOMMENDATION
### AND AFFIRMING DEFENDANT'S DENIAL OF PLAINTIFF'S CLAIM FOR BENEFITS

This is a Social Security appeal in which Plaintiff Eddie Lewis Riley (Riley) seeks judicial review of the final decision of Defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration (Commissioner), denying his claim for Disability Insurance Benefits (DIB). The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting the Court affirm the Commissioner's decision denying Riley's claim for DIB. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b). Thus, the Court will address each specific objection to the Report in turn. As provided above, however, the Court need not—and will not—address any of Riley's arguments that fail to point the Court to alleged specific errors the Magistrate Judge made in the Report.

The Magistrate Judge filed the Report on January 28, 2019. ECF No. 27. Riley filed his objections on February 11, 2019, ECF No. 29, and the Commissioner replied on February 15, 2019, ECF No. 31. The Court has carefully reviewed Riley's objections but holds them to be without merit. Therefore, it will enter judgment accordingly.

Riley filed his application for DIB on June 20, 2013, asserting his disability commenced on April 25, 2012. Riley's application was denied initially and upon reconsideration. The administrative law judge (ALJ) conducted a hearing on Riley's application on May 20, 2016. On June 16, 2016, the ALJ issued an unfavorable decision holding Riley not disabled under the Social Security Act (the Act). The Appeals Council subsequently denied Riley's request for review of the ALJ's decision, and Riley appealed to this Court on August 2, 2017.

The Social Security Administration has established a five-step sequential evaluation process for determining whether a person is disabled. *See* 20 C.F.R. §§ 404.1520(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity (SGA); (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the

impairment(s) prevents the claimant from returning to his past relevant work; and, if so, (5) whether the impairment prevents the claimant from doing SGA. *See* 20 C.F.R. §§ 404.1520. If a decision as to disability can be made at any step, the analysis ends there without proceeding to the next step. 20 C.F.R. §§ 404.1520(a)(4).

It is Riley's duty both to produce evidence and to prove he is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). It is the duty of the ALJ, not this Court, to make findings of fact and to resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). The scope of the federal court review is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the Commissioner applied the proper legal standard in evaluating the claimant's case. *See Richardson v. Perales*, 402 U.S. 389 (1971); *Walls v. Barnhart*, 296 F.3d 287 (4th Cir. 2002) (*citing Hays*, 907 F.2d at 1456). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 390, 401. Thus, the court must carefully scrutinize the entire record to assure there is a sound foundation for the Commissioner's findings and that her conclusion is rational. *See Vitek v. Finch*, 438 F.2d 1157, 1158 (4th Cir. 1971).

"Additionally, the substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Clarke v. Bowen*, 843 F.2d 271, 272-73 (8th Cir. 1988) (citations omitted) (internal quotation marks omitted) (alteration omitted). The Court "must sustain the ALJ's decision, even if [it] disagree[s] with it, provided the determination is supported by substantial evidence." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

Riley first objects the Magistrate Judge failed to consider the arguments he made in his initial brief regarding how the ALJ weighed opinion evidence from Nurse Practitioner Jill Gilchrest. Specifically, Riley argues the ALJ failed to explain his conclusion "that sit/stand/walk limitations appeared to be based on claimant's self-related complaints and not on objective testing." *Id*. at 3. Riley's objection impermissibly asks this Court to reweigh the evidence. When considering a Social Security disability claim, it is outside the province of this Court to "reweigh conflicting evidence . . . or substitute [its] judgment for that of the ALJ." *See Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted) (alteration omitted). There is ample evidence in the record to support the weight the ALJ gave to Gilchrist's opinion. *See* ECF No. 27 at 7. Therefore, the Court will overrule Riley's first objection.

Riley's second objection is "the ALJ failed to properly explain how he could sit for six hours in an 8-hour workday, citing evidence that documented his lower back pain and his need to constantly reposition himself or sit with a pillow behind him." ECF No. 29 at 5. Specifically, Riley asserts "the Magistrate Judge selectively places more weight on Riley's report that the pain clinic said he could perform clerical work than Riley's report that he could only sit for 20 minutes at a time." *Id*. at 5-6. It appears to the Court Riley meant to refer to the ALJ in the above quotation, as the Magistrate Judge failed to make any determination regarding the weight any specific piece of evidence should be given. Further, this objection is again seeking to have this Court impermissibly reweigh the evidence. This Court declines to do so. The Court concludes there is ample evidence supporting the ALJ's decision to credit the opinion of Riley's pain specialist Riley was able to work. Therefore, the Court will also overrule Riley's second objection.

Riley's third and final objection alleges "the ALJ erred in finding his subjective reports were inconsistent with the medical evidence." ECF No. 29 at 6. Specifically, Riley noted the ALJ

"relied on contradictory statements about the effectiveness of medications (stating that pain management records showed treatment was effect[ive], but also stating Riley stopped taking medications because they were not effective)." *Id*. There is sufficient evidence in the record to support the ALJ's credibility determination. *See Eldeco, Inc. v. NLRB*, 132 F.3d 1007, 1011 (4th Cir. 1997) (holding courts must show deference to the ALJ's credibility determinations unless they are "unreasonable, contradict [] other findings of fact, or [are] based on inadequate reason or no reason at all"). Based upon the evidence presented, the ALJ's credibility determination is reasonable, does not contradict other findings of fact, and is well supported. Therefore, the Court will overrule Riley's third objection, too.

After a thorough review of the Report and the record in this case under the standards set forth above, the Court overrules Riley's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court the Commissioner's decision denying Riley's claim for DIB is **AFFIRMED**.

**IT IS SO ORDERED.**

Signed this 13th day of March, 2019, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE